## West, Executor, *v.* Davis.

[No. 10,483. Filed June 25, 1920. Rehearing denied October 13, 1920.]

1. Executors and Administrators.—*Claims for Services by Member of Family.—Evidence of Contract for Payment.—Question for Jury.*—Where on the trial of a claim by a daughter against her mother's estate, for board and services performed in caring for decedent, there was evidence that decedent made repeated statements that she wanted claimant paid for her services, and expected to pay her, made not only to others but also directly to claimant, the question whether there was an agreement to compensate claimant was for the jury, and such an agreement might be inferred by it from all the evidence. p. 650.

2. Appeal.—*Evidence.—Sufficiency.—Amount.*—Where there is ample evidence to support the verdict, in amount as reduced by remittitur, it will not be disturbed on appeal. p. 650.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Evelean Davis against John T. West, as executor of the last will and testament of Nancy Shackleford, deceased. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Fred J. Byers* and *B. F. Harness,* for appellant.
*Overson & Manning,* for appellee.

Nichols, J.—Action based upon a claim by appellee filed against the estate of her mother, appellant's decedent, for nursing, boarding, washing, rooming, and

performing services in caring for her. There was a verdict for $1,550, which by remittitur was reduced to $1,000, for which amount there was a judgment. The only error relied upon was the court's action in overruling appellant's motion for a new trial.

Appellant seeks a reversal by invoking the rule that "where one is living as a member of a common family, their common wants supplied from the same 1-2. source, and the duties and household offices performed by the same person or persons, no implied obligation will exist for the payment of board, care, shelter and services." The rule that, where one is taken into the family of another and treated as a member of the family, there is no implied obligation on the one hand to pay for board, care and shelter, or on the other for services rendered, is so well established that we do not need to cite authorities. But in this case there was evidence that appellant's decedent made repeated statements to the effect that she wanted appellee paid for the services rendered, and that she expected to pay her, and not only were such statements made to others, but there is evidence that they were made directly to appellee. This court does not weigh the evidence. The question as to whether there was an agreement to compensate for the services rendered was for the jury, and may be inferred by it from all the evidence. The jury by its general verdict has answered in the affirmative, and as there was some evidence—we may say ample evidence—the verdict, as reduced, will not be disturbed. *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51; *Wainwright Trust Co., Admr.,* v. *Kinder* (1918), 69 Ind. App. 88, 120 N. E. 419.

We do not consider any question as to instructions, as no instruction complained of is set out in appellant's brief.

Judgment affirmed.